UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-142-J-39MCR

JAMES EDWARD PHILLIPS, III  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant James Edward Phillips, III, is a 46-year-old inmate incarcerated at Jesup FCI, serving a 120-month term of imprisonment for four counts of distributing cocaine and two counts of possession of a firearm by a convicted felon. (Doc. 52, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 20, 2027. Phillips seeks compassionate release because of the presence of Covid-19 in his prison and because he has chronic kidney disease, hypertension, and "chronic nasal and sinus illnesses" that allegedly make him more susceptible to Covid-19. (Doc. 83, Motion for Compassionate Release). Phillips seeks

a reduction of his sentence to 36 months, or alternatively, immediate release.

As a threshold matter, Phillips has a pending appeal from his conviction and sentence. (See Doc. 58, Notice of Appeal); United States v. Phillips, No. 19-14075 (11th Cir.). Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction "over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013). However, Rule 37 of the Federal Rules of Criminal Procedure ("Rule(s)") gives a district court authority to issue certain types rulings on a motion despite a pending appeal. Under that Rule,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

Phillips has filed a "timely motion" for compassionate release because the record shows he has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Phillips submitted two requests for a reduction in sentence to the warden of his facility: one on May 26, 2020 and one on June 30, 2020. (Doc. 83-1 at 1, 4). The warden denied the first request on June 23, 2020 and denied the second request on August 3, 2020. (Id. at 2, 5-6). Because more than 30 days have passed since Phillips submitted his requests to the warden, he has exhausted his administrative remedies. See 18 U.S.C.

§ 3582(c)(1)(A); United States v. Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3-4 (M.D. Fla. Aug. 31, 2020). Thus, the Court has jurisdiction under Rule 37(a).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court assumes, for the sake of discussion, that Phillips has a serious medical or physical condition, such that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The record shows that FCI Jesup's Health Services Department has diagnosed Phillips with Stage 3 (moderate) chronic kidney disease and hypertension. (See Doc. 83-1 at 2). According to the Centers for Disease Control (CDC), chronic kidney disease is known to increase the risk of serious illness from Covid-19, while high blood pressure might increase the risk of severe infection.[1] The

---

1   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

CDC has not identified "chronic nasal and sinus illnesses" as affecting the risk of serious infection. Chronic kidney disease may not qualify as an extraordinary and compelling circumstance in normal times, but the Court assumes that it does in the context of Covid-19.[2]

Nevertheless, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Although chronic kidney disease is a condition that increases Phillips's risk from Covid-19, he does not appear to be at imminent danger of severe illness. Phillips is not elderly, and his conditions are treated by medication. According to the warden's letter denying his request for a sentence reduction, Phillips's kidney disease "is monitored and managed through chronic care visits." (Doc. 83-1 at 2). The warden stated that Phillips is "currently stable, compliant with medications and do[es] not meet the criteria for a Reduction in Sentence for a terminal or debilitated condition." (Id.).

Moreover, the Court determined that a term of 120 months in prison was warranted to accomplish the statutory purposes of sentencing, including the need to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence. At the sentencing hearing, the Court spoke to Phillips about how, although he expressed great insight into his own behavior, his actions have not

---

medical-conditions.html.

[2] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

reflected his words. (See Doc. 65, Sentencing Transcript at 51-57). Phillips has repeatedly broken the law, as reflected by the criminal history contained in the Presentence Investigation Report (PSR). (Doc. 48, PSR at ¶¶ 38-51). His juvenile adjudications included burglary of a dwelling, attempted burglary of a dwelling, and sexual battery with a deadly weapon or causing serious injury to a victim aged 12 or younger. (Id. at ¶¶ 38-40). His adult criminal convictions included armed burglary (id. at ¶¶ 43, 51), burglary (id. at ¶ 44), battery on a law enforcement officer (id. at ¶¶ 46, 48), carrying a concealed firearm (id. at ¶ 47), armed burglary with assault and battery (id. at ¶ 49), and kidnapping with a weapon (id. at ¶ 51).

As the Court explained at sentencing, a 10-year term of imprisonment was warranted to protect the public and to teach Phillips the need to follow the law. (See Sentencing Tr. at 56-57). As of today, Phillips has completed only 28 months of his prison sentence, or 23%, dating from his arrest on September 12, 2018. (See PSR at p. 1). In view of all the § 3553(a) factors, reducing Phillips's sentence to 36 months or time served is not warranted at this time. Doing so would fail to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public. Accordingly, Defendant James Edward Phillips, III's Motion for Compassionate Release (Doc. 83) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Defendant
Counsel of record