**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:18-cr-142-BJD-MCR

JAMES EDWARD PHILLIPS, III

_____/

# ORDER

**This cause** is before the Court on Defendant James Edward Phillips, III's "Motion for Hardship Credit." (Doc. 93, Motion). Phillips is a 47-year old inmate incarcerated at Jesup FCI, serving a 120-month term of imprisonment for four counts of distributing cocaine and two counts of possession of a firearm by a convicted felon. (Doc. 52, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 20, 2027.

Phillips claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated based on his prison's Covid-19 lockdown measures and because he contracted Covid-19. As the remedy, Phillips claims he should receive "day for day credit for each day he was subjected to live under the conditions forced upon him that were cruel and unusual," or 365 days off his prison sentence. Motion at 1–2. The United States opposes the Motion. (Doc. 95, Response).

The Motion is due to be denied. To the extent Phillips claims that the conditions of his confinement violated his rights under the Eighth Amendment, the Court lacks personal jurisdiction to entertain such a complaint. A challenge to the conditions of confinement should be brought in an action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), not a motion for a sentence reduction in the criminal case. <u>United States v. McClellan</u>, Crim. No. 1:17–00093–KD–B, 2021 WL 1651236, at *3 n.2 (S.D. Ala. Apr. 27, 2021); <u>cf</u>. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."). And a <u>Bivens</u> complaint must be filed in the district where the defendant resides or is employed. <u>McClellan</u>, 2021 WL 1651236 at *3 n.2; <u>Cosby v. United States</u>, No. 5:09-cv-192 (CAR), 2009 WL 2821843, at *2 (M.D. Ga. Aug. 28, 2009). Because Phillips complains about prison conditions at Jesup FCI, which is within the Southern District of Georgia and where the allegedly responsible officials are employed, that is where any <u>Bivens</u> complaint should be filed.

To the extent Phillips asks the Court to reduce his sentence by one year, the Court lacks authority to do so. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194–95 (11th Cir. 2010).

> Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons [or the defendant, after exhausting administrative remedies] has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

Id. at 1195.

Phillips's request for 365 days of "hardship credit" does not fit within any of these narrow exceptions. See United States v. Green, No. CR415–204, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021). The closest possible exception would be § 3582(c)(1)(A), which permits a sentence reduction for "extraordinary and compelling" reasons. However, the Court has already denied a motion by Phillips for a sentence reduction under § 3582(c)(1)(A) based on Covid-19. (Doc. 86, Order Denying Motion for Compassionate Release). Moreover, after this Court denied Phillips's § 3582(c)(1)(A) motion, the Eleventh Circuit Court of Appeals held that U.S.S.G. § 1B1.13 still governs defendant-initiated motions for compassionate release, "and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021). Because Phillips's alleged hardship does not meet any of the definitions of "extraordinary and compelling reasons" outlined in Application Note 1(A),

1(B), or 1(C) of U.S.S.G. § 1B1.13 (i.e., serious medical conditions, old age, and family circumstances, respectively), the Motion would not warrant a sentence reduction even if construed as another request under § 3582(c)(1)(A).

Accordingly Defendant James Edward Phillips, III's "Motion for Hardship Credit" (Doc. 93) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of August, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies to:
Counsel and parties of record